NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 16, 2010[*]
Decided January 7, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1677

| | |
|---|---|
| SERGEY KOLENCHENKO, <br> *Petitioner,* | Petition for Review of an Order of the Board of Immigration Appeals |
| *v.* | No. A089-278-126 |
| ERIC H. HOLDER, JR., <br> Attorney General of the United States <br> *Respondent.* | |

**O R D E R**

Sergey Kolenchenko, a Russian citizen, petitions for review of an order of the Board of Immigration Appeals (BIA) upholding the immigration judge's denial of his applications for withholding of removal and relief under the Convention Against Torture (CAT). We dismiss the petition.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Kolenchenko entered the United States in 2001 but overstayed his visa.  In 2003 he was convicted in Virginia state court of possession of a controlled substance, namely cocaine.  In 2009 the Department of Homeland Security commenced removal proceedings, charging Kolenchenko with removal under 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States longer than permitted, and under 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who was convicted of a controlled substance offense.  Kolenchenko did not dispute removability on the basis of the drug conviction, but filed a defensive asylum application based on the political persecution he alleged to have endured, and expected to face when he returned, because of his involvement with an opposition political party he referred to as the "Regional Party of Russia."

The immigration judge rejected Kolenchenko's application for asylum as untimely because he filed it some nine years, rather than one year, after his arrival.  Additionally, the immigration judge found that Kolenchenko did not qualify for withholding of removal under 8 U.S.C. § 1231(b)(3) because he presented insufficient evidence to show a clear probability he would suffer future persecution because of his political activities.  Lastly, the IJ denied Kolenchenko's request for relief under CAT, finding that Kolenchenko presented insufficient evidence to show it more likely than not that he would be tortured by or with the acquiescence of the Russian government.  The BIA affirmed the immigration judge's decision.

In his petition for review, Kolenchenko does not challenge the untimeliness of his asylum application and asserts instead–in only broad strokes–that the BIA erred in rejecting his claims for withholding of removal and relief under CAT.

As a preliminary matter, however, we must ask whether we have jurisdiction to consider Kolenchenko's challenges.  Because Kolenchenko is removable based on his drug offense, 8 U.S.C. § 1227(a)(2)(B)(i), our jurisdiction to review the final order of removal is limited.  *See* 8 U.S.C. § 1252(a)(2)(C); *see e.g., Aguilar-Mejia v. Holde*r, 616 F.3d 699, 703 (7th Cir. 2010); *Petrov v. Gonzales*, 464 F.3d 800, 802 (7th Cir. 2006).  We may consider only constitutional claims and questions of law.  8 U.S.C. § 1252(a)(2)(D); *Aguilar-Mejia*, 616 F.3d at 703.  Kolenchenko's assertion that he has supplied sufficient proof to obtain withholding of removal or relief under CAT does not fall within the ambit of § 1252(a)(2)(C)*'s* narrow exception.  *See Petrov*, 464 F.3d at 802; *Hamid v. Gonzales*, 417 F.3d 642, 647 (7th Cir. 2005).

Accordingly, we DISMISS the petition for review.